241 So.2d 853

William Joseph MEAD

v.

STATE.

I Div. 94.

Court of Criminal Appeals of Alabama.

Nov. 24, 1970.

Peter J. Palughi, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

CATES, Judge.

Manslaughter, second degree: sentence, 120 days in the county jail and a fine of $100.00.

The defendant at trial withdrew his not guilty plea and pled guilty with a recommendation by the District Attorney that he receive a sentence of 90 days. The jury set the term at 120 days and recommended probation. No grant of probation is shown in the record.

We consider that the trial judge should have refused this verdict unless he disapproved of the State's agreement. However, we find in the record no motion to request the court to send the jury back. Hence, we are at liberty to infer that Mead was willing to abide by the 120 days if he could get suspension of the sentence.

After the jury was discharged, the defendant moved (through different counsel) to set aside the verdict and permit a withdrawal of the guilty plea. This motion was denied and the defendant was then sentenced.

Except for the strictures of Boykin v. Ala., 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, this latter motion on appeal raises only a question of abuse of the trial judge's discretion. Dawson v. State, 44 Ala.App. 525, 215 So.2d 459.

The record shows that at the start of the trial the following took place:

"THE COURT: What is your name, please?

"DEFENDANT: William Mead.

"THE COURT: Mr. Marsal is your attorney?

"DEFENDANT: Yes sir.

"THE COURT: Mr. Marsal tells me that you want to change your plea from not

guilty to guilty. Before I let you do that I want to make it clear that there is no certainty of what you will get in response to a plea of guilty.

"DEFENDANT: Yes sir.

"THE COURT: The law does not permit me to fix your punishment, the Jury fixes your punishment.

"DEFENDANT: Alright, sir.

"THE COURT: Whatever they fix, I'm not going to set aside.

"DEFENDANT: Alright, sir.

"THE COURT: Do you understand that?

"DEFENDANT: Yes sir.

"THE COURT: The indictment charges you with the offense of manslaughter in the second degree, specifically that you did unlawfully, but without malice or the intention to kill, kill George Earl Craig by running an automobile over him

"DEFENDANT: Yes sir.

"THE COURT: Are you guilty of that offense?

"DEFENDANT: Yes sir. He came out in front of me and I run over him.

"THE COURT: Now, you are going to have to put on some evidence and then you may make what recommendations you have to the Jury.

"THE COURT: Ladies and Gentlemen, the delay in case, as you now see, was occasioned by the defendant changing this plea from not guilty to guilty, thus eliminating the need for an extended trial. The Legislature of Alabama, in its wisdom, has designated certain offenses, manslaughter being one of them, as an offense which the jury not only determines the guilt or innocence of a defendant, but also fixes the punishment within the limits prescribed by the Legislature. That law, incidently was changed in the last session to let the Court go ahead and pass sentence where there is a guilty plea, but it did not apply to prosecutions commenced before the passage of the Act. In this case you must decide whether or not the defendant is guilty. You must fix his punishment. The District Attorney will have certain recommendations. As a representative of the people in this County his recommendations are entitled to your attention, and you should give them serious weight. You cannot however escape your own responsibility in deciding that the punishment you fix is just. You can't say 'Well, if the District Attorney recommends it, that's it,—we don't have to go any further'. You must be convinced that the punishment is just punishment. Now the District Attorney is faced with a difficult problem. Juries don't always do what the lawyers recommend. His problem is he must put on enough evidence to show you that the man is guilty, and that the punishment that he is recommending is just. He doesn't want to put on too much, you know, because if he does, then the defendant would have to get on and try to explain the mitigating circumstances, so that you wouldn't be more severe than the District Attorney is asking you to be. Does the Defendant expect to make a statement?

"MR. MARSAL: It would depend on what might follow.

"THE COURT: Do you see the problem? You must know enough about the case to find him guilty, and to believe that the recommendation of the district attorney is proper. * * *."

The defendant chose to testify.

We consider the essentials of Boykin v. Ala., 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274, have been complied with. The judgment below is due to be

Affirmed.